| | | | |
|---|---|---|---|
| AUSA: | Nicholas McIntyre | Telephone: | (313) 226-9100 |
| Task Force Officer: | Wallace Rihcards | Telephone: | (313) 202-3400 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Edris Bell

Case No. 
Case: 2:25−mj−30552
Assigned To : Unassigned
Assign. Date : 9/3/2025
Description: CMP USA V. BELL (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 27, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possesion of a firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Wallace Richards, Task Force Officer
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 3, 2025

_____
Judge's signature

City and state: Detroit, MI

Hon. Kimberly G. Altman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Wallace Richards, being duly sworn, depose and state the following:

### I. INTRODUCTION

1. I am a Detective with the Detroit Police Department (DPD) and began my tenure with DPD on April 14, 2014. I am currently assigned to the ATF Detroit Field Office as a Task Force Officer (TFO), working directly with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). This partnership uses federal, state and local resources to investigate the illegal use and possession of firearms. I have years of experience investigating robberies, felonious assaults, kidnappings, non-fatal shootings, and gun-related crimes including felon in possession of firearms and ammunition.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3. The ATF is currently conducting a criminal investigation concerning EDRIS BELL (DOB: XX/XX/1982), for violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

## II. PROBABLE CAUSE

4. I reviewed records related to BELL's criminal history and learned the following:

   a. On or about February 16, 2004, BELL entered a plea of guilty to one count of Uttering and Publishing and one count of police officer, assaulting/resisting/obstructing. On or about February 13, 2004, BELL was sentenced to one year of probation. Bell violated the terms of his probation multiple times, and in March of 2006 was sentenced to 273 days of incarceration.

   b. On July 24, 2006, BELL was arrested and charged with armed robbery and felony firearm. On November 21, 2006, BELL pleaded guilty to armed robbery and felony firearm in the Third Judicial Circuit Court, Wayne County. BELL was sentenced to ten to thirty years of incarceration.

5. Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, BELL was previously sentenced to more than one year of incarceration. Based on the time

BELL has spent incarcerated as a result of his felony convictions, the severity of his convictions, and the fact that he has been previously charged with the offense felon in possession of a firearm, there is probable cause to believe that BELL is aware of his status as a convicted felon.

## II. PROBABLE CAUSE

3. On September 1, 2025, Officer Stewart of the Detroit Police Department was on patrol in Detroit, when he saw a man later identified as BELL walking on Livernois, with the handle of a pistol protruding from his pocket. Officer Stewart approached BELL and told him to stop. As Officer Stewart was getting out of his car, BELL started to run. Officer Stewart ran after BELL, ordering him to stop.

4. BELL ran around a corner and hid behind a large metal dumpster. As Officer Stewart was running around the corner, he heard a loud metallic sound, consistent with a metal object being thrown in a dumpster.

5. Officer Stewart approached BELL near the dumpster. Officer Stewart again ordered BELL to stop. BELL said, "I'm stopping." BELL then ran away. Officer Stewart again pursued BELL.

6. BELL continued running and officer Stewart gave another verbal command to "stop now and show me your hands" before deploying his department issued Taser. Officer Stewart took BELL into custody.

7. When BELL was secured, officer Stewart returned to the dumpster, and recovered a black Taurus .380 revolver.

8. On September 2, 2025, I contacted ATF Interstate Nexus Expert, Special Agent Kara Klupacs, and provided information about the Taurus .380 revolver. SA Klupacs concluded that the firearm was manufactured outside the State of Michigan and is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

### III. CONCLUSION

9. Probable cause exists to believe that EDRIS BELL, a convicted felon aware of his felony convictions, did knowingly and intentionally possess a Taurus .380 revolver, said firearm having affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1). This violation occurred on or about July 27, 2025, in Detroit, Michigan, in the Eastern District of Michigan.

_____
Wallace Richards, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means

_____
Honorable Kimberly G. Altman
United States Magistrate Judge

Dated:     September 3, 2025

4